IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jason Alan Johnson, | ) | Civil Action No.: 4:12-00019-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Freddie Arwood and Chaplin Lovingood, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jason Alan Johnson ("Plaintiff") filed an action pursuant to 42 U.S.C. § 1983 on January 5, 2012 proceeding pro se and *in forma pauperis*. (ECF No.1. ) Plaintiff alleges that his constitutional rights were violated while he was housed at the York County Detention Center. Plaintiff is currently housed at the Kirkland R&E Evaluation Center in Columbia, South Carolina. Defendants filed a motion for summary judgment on June 28, 2012. (ECF No. 39.) The court issued an order on July 3, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the Defendants' motion for summary judgment. (ECF No. 41.) Plaintiff has not responded to Defendants' motion for summary judgment or the Court's order requiring him to respond.

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. On August 27, 2012, Magistrate Judge Rogers issued a Report and Recommendation recommending that the case be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and notifying Plaintiff of his right to file objections. (ECF No. 49.) The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final

determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made.

Plaintiff has filed no objections to the Report and Recommendation and the time for doing so has expired. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

s/ Mary G. Lewis<br>
United States District Judge

Spartanburg, South Carolina
October 2, 2012